# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

MARYLISA LOVEWINE,  )
      )
  Plaintiff,  )
      )
v.  )  Case No. CV418-173
      )
BACA READY MIX, LLC,  )
      )
  Defendant.  )

FILED
Scott L. Poff, Clerk
United States District Court

By jburrell at 4:52 pm, Jan 25, 2019

## ORDER AND REPORT AND RECOMMENDATION

On November 5, 2018, this Court entered an order conditionally granting plaintiff leave to proceed *in forma pauperis* ("IFP"), subject to receipt of additional information, and directing her to amend her complaint within 21 days from the date of the order or face a recommendation of dismissal. *See* doc. 3. Lovewine, however, failed to timely file an Amended Complaint or provide the additional information required to approve IFP status. As a result, this Court recommended dismissal for failure to comply with a Court order. Doc. 4.

Plaintiff requested an extension of time to object to the Report and Recommendation, doc. 5, which was granted, doc. 6. On January 23, 2019, Lovewine finally filed her amended complaint and a motion for leave to proceed IFP. Doc. 7, Doc. 8. As a result, the Court **VACATES** its

prior Report and Recommendation. Doc. 4. However, because Lovewine still fails to comply with this Court's prior order regarding her IFP status, and because her Amended Complaint, as filed, does not state a claim for relief, her complaint should be **DISMISSED**.

As an initial matter, plaintiff was directed to supplement her application for IFP status. Doc. 3. Specifically, she was instructed to inform the Court

(1) What she spends each month for basic living expenses such as food, clothing, shelter, and utilities, and the dollar value of any public or private assistance he may receive;

(2) Where she gets the money to pay for those expenses (include *all* "off-the-books" income, whether in cash or in-kind);

(3) Whether she owns any means of transportation and, if she does not, whether she has regular access to same, as owned by another (including a rental company);

(4) Whether she possesses a cellular telephone, TV set, and any home electronics equipment (include estimated value and related carrying expenses, such as carrier and subscription fees);

(5) Whether she has any credit or debit cards;

(6) Whether she is the account owner, or has signature power, as to any accounts with a bank or other financial institution;

(7) Whether she anticipates any (within the next year) future income;

(8) A list of any other cases showing an indigency-based, filing fee reduction or waiver granted by any other court (include the full case name, case number and the name of the court granting same).

*Id*. at 11. While she filed a supplemental application to proceed IFP, the only one of these questions which she answered was that she had an "automobile" — although she does not describe this vehicle or its approximate value. Doc. 8 at 2. As plaintiff was warned before, failure to comply with a Court order will result in a recommendation of dismissal. Because she has willfully failed to comply with the Court's instruction on her IFP application once again, her complaint should be **DISMISSED**.

Even had Lovewine provided the requested information, however, her Complaint is untimely and should be **DISMISSED**.[1] To state a claim for discrimination or retaliation under Title VII, among other things, a claim must be administratively exhausted and timely filed. 42 U.S.C. §§ 2000e *et seq*. Lovewine's right-to-sue letter, dated April 16, 2018, informed her that she had 90 days from receipt to file suit pursuant

---

[1] The Court screens her case under 28 § U.S.C. 1915(e)(2) which requires dismissal of any IFP action when the action or appeal is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief.

3

to Title VII. Doc. 1-2. Plaintiff informed the Court that she received the letter on April 19, 2018. Doc. 7 at 2 ("I received [the letter] after I received food stamps on April 19."). Excluding the day of the event which triggers the limitations period, Fed. R. Civ. P. 6(1)(1)(A), and counting ninety days forward from April 19, 2018, the last day on which plaintiff could timely file any claim pursuant to Title VII would have been Wednesday, July 18, 2018. Plaintiff, however, did not file her complaint until July 20, 2018 — two days too late. Doc. 1. As a result, her complaint is untimely and should be **DISMISSED**.[2]

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. §636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate

---

[2] Plaintiff has not provided any facts supporting the use of equitable tolling. "This is not a case in which a claimant has received inadequate notice, . . . nor is this a case where affirmative misconduct on the part of a defendant lulled the plaintiff into inaction. . . . One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence." *Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984); *id.* at 152 (tolling is not warranted even if employer is not prejudiced by a former employee's untimely filing). Lovewine ran out her 90 days and that inaction is fatal to her claim. *Id.* at 151 ("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence.").

Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C.§ 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED** this 25th day of January, 2019.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA